IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,164-03






EX PARTE BRIAN KEITH FAUTNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W01-48259-I IN THE CRIMINAL DISTRICT COURT 2


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to thirty years' imprisonment. 

 Applicant contends that he was denied due process when the Texas Board of Pardons and
Paroles imposed sex offender conditions of his parole without affording him notice or the
opportunity to be heard. Applicant alleges that he had a prior "conviction" for attempted aggravated
sexual assault, which was successfully discharged on deferred adjudication. Applicant alleges that
a successfully completed deferred adjudication should not be used as a conviction for the purpose
of imposing sex offender conditions of parole, and should not be used to deny him eligibility for
mandatory supervision.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit,
describing Applicant's history of incarceration, review, and release to parole or mandatory
supervision. If Applicant is considered ineligible for mandatory supervision, the affidavit shall state
the reasons for his ineligibility.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record in this case with any documents
relating to the disposition of a prior charge for attempted aggravated sexual assault. The trial court
shall make findings of fact as to whether Applicant is considered eligible for mandatory supervision,
and if not, why not. The trial court shall make findings of fact as to whether the Board of Pardons
and Paroles has imposed sex offender conditions on Applicant's parole, and if so, whether Applicant
has a prior conviction for a sex offense. If Applicant does not have a conviction for a sex offense,
the trial court shall make findings as to whether Applicant was afforded adequate notice and the
opportunity to be heard before the imposition of sex offender conditions of parole. See Ex parte
Evans, 338 S.W.3d 545, 557 (Tex. Crim. App. 2011). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

 

Filed: May 15, 2013

Do not publish